OPINIONS OF THE SUPREME COURT OF OHIO
**** SUBJECT TO FURTHER EDITING ****

The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio. Attention: Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
NOTE: Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public. The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Office of Disciplinary Counsel v. Papalardo.
[Cite as Disciplinary Counsel v. Papalardo (1994),         Ohio
St. 3d        .]
Attorneys at law -- Misconduct -- Public reprimand -- Conduct
     that adversely reflects on fitness to practice law --
     Neglect of an entrusted legal matter -- Failing to
     complete continuing legal education requirements for the
     1991-1992 reporting period -- Failing to pay attorney
     registration fees for the 1993-1995 biennium.
     (No. 94-2302 -- Submitted December 7, 1994 --  Decided
December 27, 1994.)
     On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 93-65.
     On October 18, 1993, relator, the Office of Disciplinary
Counsel, filed a complaint against respondent, Sylvester Ron
Papalardo of Cleveland, Ohio, Attorney Registration No.
0042535, alleging three counts of misconduct involving his
handling of a guardianship, failure to complete continuing
legal education requirements for the 1991-1992 reporting
period, and failure to pay his attorney registration fees for
the 1993-1995 biennium. On December 2 , 1993, respondent filed
his answer, admitting some allegations of the complaint and
denying others.
     On September 22, 1994, the parties filed agreed
stipulations, a recommendation for sanctions, and a waiver of
hearing, as follows:
                         "Count
                           I
     "1. Respondent, Sylvester Ron Papalardo, is an attorney at
law, admitted to practice in the State of Ohio on November 6,
1989.
     "2. On June 25, 1990, Respondent filed an Application for
Appointment of Guardian on behalf of Christopher Coorlas.  In
the Matter of Christopher Coorlas, Case No. 1048062, Cuyahoga
County Common Pleas Court, Probate Division.  On July 17, 1990,

Respondent was duly appointed Guardian, being [sic] order to post a Ten Thousand Dollar ($10,000) fiduciary bond. Said bond was filed on August 13, 1990.

"3. On February 12, 1991, the Court caused to be issued a Judgment Entry ordering a writ of citation against Respondent as he was in default for failing to file an Inventory. On March 14, 1991, Respondent was ordered to post an additional Thirty Thousand Dollars ($30,000) bond. On April 12, 1991, the Court filed another Judgment Entry ordering a writ of citation against Respondent for having failed to post the additional bond. A delinquent inventory was ultimately filed. On June 3rd, 1991, Judge Corrigan removed Respondent as Guardian.

"4. On December 6, 1991, a Motion for Surcharge was filed by the Successor Guardian as Respondent had not filed the additional bond as ordered by the Probate Court; had neglected to timely pay Aristocrat West Nursing facility for care of the ward (amount then believed to be owing in excess of Twenty One Thousand Five Hundred Dollars ($21,500.00) and had failed to timely apply for Medicaid benefits as he had promised to do.

"Representatives of the bonding company made repeated attempts to contact Respondent by phone and letter. Respondent failed to properly or timely respond to their communications.

"6. On June 24, 1992, the Court issued an Agreed Judgment Entry, which read in part:

'The Court finds that by agreement of all parties present, there is owing to Christopher Coorlas from his former guardian, S. Ron Papalardo, the sum of Five Thousand Five Hundred Dollars ($5,500.00) because of the failure of the former guardian to expend the funds of the ward in payment of his nursing home expenses and to facilitate his eligibility for Medicaid.

'The Court further finds that the Successor Guardian's services were necessary and proper to secure and safeguard assets which belong to the ward due to the former guardian's wilful and wanton neglect which necessitated the appointment of the Successor Guardian. The parties agree and the Court finds that the reasonable value of the such services is Three Thousand Dollars ($3,000.00).

"7. The Court ordered Respondent to pay the Successor Guardian Five Thousand Five Hundred Dollars ($5,500.00) within fourteen (14) days of the entry (June 14, 1992). If Respondent failed to pay, then Old Republic Insurance Co. was ordered to make payment and then collect indemnification from Respondent.

"8. As Respondent did not respond to various communications from Old Republic Surety, a complaint was filed by Old Republic Surety with relator. As of this date, Respondent has paid Old Republic Surety in full, including legal fees.

"* * *

"9. Respondent's conduct violated the Code of Professional Responsibility: DR 1-102(A)(6) (misconduct in engaging in any other conduct that adversely reflects on his fitness to practice law) and DR 6-101(A)(3) (neglect of a legal matter entrusted to him).

"Count II

"10. Respondent was in noncompliance with his continuing legal education (CLE) requirements for the 1991-1992 reporting period, as he failed to timely complete his ethics and

substance abuse hours and failed to complete twenty-two (22) of the required twenty-four (24) hours of CLE courses.

"11. Respondent was sanctioned by the Supreme Court of Ohio on April 15, 1994 for failing to complete his CLE obligation. He was ordered to pay Five Hundred Fifty Dollars ($550.00) on or before May 16, 1994. Respondent paid this sanction in full on September 6, 1994.

"* * *

"12. Respondent's conduct in failing to timely file meet the continuing legal education requirements as established by the Supreme Court of Ohio is a violation of Gov. Bar Rule X, Section 3, and therefore is subject to Section 5 ("Sanctions for Failure to Comply").

"Count III

"13. Respondent did not timely pay his attorney registration fees for the 1993/1995 biennium. He paid his 1993/1995 biennium fees on October 15, 1993.

"* * *

"14. Respondent's conduct violates Gov. Bar Rule VI(I) and (3) (requiring every attorney to file biannually with the Clerk of the Supreme Court of Ohio, a Certificate of Registration with a registration fee).

"MITIGATING FACTORS

"15. The Relator's investigation into Count I revealed no misuse of funds and there was no evidence of any substance abuse problem.

"16. Respondent has paid all damages as ordered by the Cuyahoga County Probate Court and otherwise accounted to the Court's satisfaction.

"17. Respondent has completed a substantial portion of his 1993-1994 continuing legal education (CLE) requirements as of this date. * * *

"17 [sic]. Respondent has fully cooperated with Relator throughout these proceedings.

"RECOMMENDATION FOR SANCTION

"Relator and Respondent agree and hereby recommend that the appropriate sanction in this matter is a public reprimand for Respondent's misconduct. It is understood between the parties, Relator and Respondent, that the Hearing Panel, the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio and the Supreme Court have the right to increase or decrease the sanction herein recommended.

"WAIVER OF HEARING

"Relator and Respondent consent to the instant matter proceeding on the basis of the Pleadings and Agreed Stipulations with exhibits and further agree to waive the Hearing."

A three-member hearing panel of the board agreed to the parties' stipulations and recommendation for sanctions and recommended that respondent be publicly reprimanded. The board adopted the findings and recommendation of the panel and recommended that costs be taxed to respondent.

Geoffrey Stern, Disciplinary Counsel, and Sally Ann Steuk, Assistant Disciplinary Counsel, for relator.

Charles W. Kettlewell, for respondent.

Per Curiam.  We concur with the findings and recommendation of the board.  Respondent is hereby publicly reprimanded.  Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.